UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JENNIFER JUSTO** | : | **CIVIL ACTION NO.:** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| - against - | : | |
| | : | |
| **SALEM RETAIL GROUP, LLC d/b/a** | : | |
| **YELLOW MOON TOY COMPANY and** | : | |
| **TRACEY SALEM** | : | |
| | : | |
| **Defendants** | : | April 6, 2009 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendants' failure to pay overtime compensation to Plaintiff in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-58 *et seq.*

### II. PARTIES

2. Plaintiff Jennifer Justo ("Justo") is an individual presently residing in Stratford, Connecticut.

3. Defendant, Salem Retail Group, LLC d/b/a Yellow Moon Toy Company ("SRG"), is a Connecticut limited liability corporation with a principal place of business at 2489 Black Rock Turnpike in Fairfield, Connecticut. SRG is an employer as defined under the FLSA and CMWA, and is engaged in interstate commerce as defined under the FLSA.

4. Defendant, Tracey Salem ("Salem) is the owner/principal of SRG, and was solely responsible for all decisions regarding hours worked by and wages paid to employees of

SRG. Salem is an employer as defined under the FLSA and CMWA, and is engaged in interstate commerce as defined under the FLSA.

### III. JURISDICTION

5.  The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.

6.  This Court has jurisdiction over Justo's state law claim pursuant to 28 U.S.C. § 1367(a) under the doctrine of supplemental jurisdiction.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the Defendants may be found in this district and the challenged conduct occurred in this state.

### IV. FACTUAL ALLEGATIONS

8.  Between October, 2005 and February 2, 2009, Justo was employed by Defendants as a manager at one or more of Defendants' retail locations in Connecticut.

9.  Although Justo was designated as a "manager," she did not customarily and regularly direct the work of two or more other employees.

10. Justo was paid by Defendants on an hourly basis, in that she did not regularly receive a pre-determined amount constituting all or part of her compensation, and her weekly earnings fluctuated depending upon the number of hours that she worked in each week.

11. Despite the facts that Justo was not paid on a salaried basis and did not customarily and regularly direct the work of two or more other employees, Defendants designated her as "exempt," and thus not entitled to overtime compensation, when she should have been designated as "non-exempt," and entitled to overtime compensation.

12. During this period, Justo frequently worked more than 40 hours each week, but was not paid overtime compensation for all hours worked in excess of 40 hours per week, as required by the FLSA and CMWA.

13. During this period, Defendants were fully aware of the facts that Justo was not paid on a salaried basis and did not customarily and regularly direct the work of two or more other employees, and knew or should have known that Justo thus illegally was designated as exempt under both the FLSA and the CMWA.

14. Despite this knowledge Defendants willfully failed and refused to correct their illegal exempt classification of Justo and instead continued to deny her overtime compensation.

## V.     COUNT ONE – VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. Based on the foregoing, Defendants' conduct in this regard was a violation of the FLSA and entitles Justo to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## VI.    COUNT TWO – VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

16. Based upon the foregoing, Defendants' conduct in this regard was a violation of the CMWA, and entitles Justo to compensation for all overtime hours worked, interest and court costs.

17. Defendants' conduct in failing to pay Justo her earned overtime compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that Justo was entitled to be paid overtime compensation but failed to do so. Accordingly, Justo is entitled to compensation for all overtime hours worked, liquidated damages, attorneys fees, and court costs.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Unpaid Overtime Wages under the FLSA and CMWA;

2. Liquidated Damages under the FLSA and CMWA;

3. Interest and costs;

4. Attorneys' fees under the FLSA and CMWA; and

5. Such other and further relief the Court deems just and equitable.

Plaintiff, Jennifer Justo

By: _____
Anthony J. Pantuso, III
The Pantuso Law Firm, LLC
204 Broad Street, Suite 400
Milford, CT 06460
Fed No.: ct11638
(203) 876-0000
(203) 877-1839 (facsimile)
apantuso@pantusolaw.com
Attorneys for the Plaintiff

4